EDWARD JORDAN *vs.* GUY W. MCALLISTER, Admr.

Penobscot.    Opinion April 30, 1898.

*Execution.    Poor Debtor.    Bond.    Sheriff.    Amendment.    R. S., c. 113,*
§§ *20-40.*

An execution debtor, who had given the six months bond provided by statute, voluntarily surrendered himself within the time limited by the bond, to the keeper of the jail to which he was liable to be committed upon the execution. The jailer received him and committed him into jail without receiving or requiring a certified copy of the execution and return, or of the bond, or any written evidence of authority to hold him until discharged by authority of law. The creditor knew of the debtor's commitment and at different times sent sums of money to the jailer for the debtor's board.

After the debtor had been in jail several months, and after a change in the office of jailer, he was discharged by a justice of this court upon habeas corpus, no authority being shown for his detention. In an action by the creditor against the sheriff, based upon these facts, *held;* that the jailer had committed no actionable wrong and that the action was not maintainable.

A jailer need not receive a debtor without sufficient written evidence of authority to receive and hold him. He may very properly require a certified copy of the execution and officer's return thereon, or of the bond; but, if he sees fit, he may waive this without making himself, or the sheriff under whom he is serving, liable for any consequences which may follow.

An execution creditor brought an action to recover damages for the alleged unlawful and illegal act of the jailer in receiving the debtor into his custody without sufficient evidence of authority to detain him, so that he was subsequently discharged upon habeas corpus; and moved to so amend his writ as to recover an amount received and retained by the jailer for the debtor's board, claimed to be in excess of the amount allowed by law. *Held;* that the amendment is not allowable because for a new and different cause of action.

ON REPORT.

The case is stated in the opinion.

*H. L. Mitchell,* for plaintiff.

The jailer was not bound to receive the debtor without an attested copy of the execution and return thereon, or of the bond. *Jones* v. *Emerson,* 71 Maine, 207.

To hold otherwise would place the power in the hands of the

jailer to prevent or defeat the remedy provided by statute, and prevent the discovery of property by disclosure in cases where a bond is given.

Amendment: *Parish* v. *Clarke*, 74 Maine, 113; *White* v. *Blake*, Id. 491; R. S., c. 82, § 10.

*Chas. H. Bartlett and A. W. King*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, SAVAGE, JJ.

WISWELL, J. This case was reported to the law court by the justice who heard it upon facts found by him. From his finding the following material facts appear. The plaintiff was a judgment creditor of and held an execution against one Jones S. Kelley, who, upon being cited to appear before a disclosure commissioner failed to appear; whereupon that fact was certified by the commissioner upon the execution, and upon the 30th of April, 1894, the commissioner issued an execution in favor of the plaintiff against the debtor for the costs in the disclosure proceedings.

Upon the 13th of June, 1894, Kelley was arrested upon the commissioner's execution, and thereupon gave a poor debtor's six month's bond, which appears to be in due form except that it was not approved as provided by statute. It was a good common law bond. Upon the 5th of December 1894, Kelley delivered himself into the custody of the keeper of the jail to which he was liable to be committed upon the execution, without any written evidence of the jailer's authority to take and detain him, stating that he had come to surrender himself into jail to save the conditions of the bond he had given when arrested upon the execution.

He was received by the jailer and committed to jail, where he remained until the following March, when he was discharged by order of the justice of this court upon Habeas Corpus, no authority being shown to the justice for his detention, after notice sent to the plaintiff's attorney, which, by accident, was not received.

Immediately after his voluntary surrender into jail, the debtor made the complaint, provided by statute, that he was unable to

support himself in jail and had not. sufficient property to furnish security for his support; notice thereof was sent by the jailer to the plaintiff's attorney and the creditor sent at different times to the jailer various sums of money for the debtor's board.

On January 1st, 1895, the term of the sheriff having expired, the jailer who had received and committed the debtor went out of office and turned over to his successor a portion of the money sent for the debtor's board. The new jailer, on January 29th, 1895, notified the creditor's attorney by letter that he could find nothing in his office relating to Kelley's commitment nor any authority for the same.

Upon these facts the plaintiff claims that the sheriff, the defendant's intestate, was liable for the alleged wrongful and illegal act of his deputy and jailer in receiving into his custody the debtor without any copy of execution, or bond, or other evidence of a right to retain him in custody.

We think that the action can not be maintained. The jailer committed no actionable wrong, for which either he or his principal became liable in damages, in receiving the debtor without written evidence of his authority to receive or keep him.

One of the conditions of the bond given by the debtor was that within six months he would deliver himself into the custody of the keeper of the jail to which he was liable to be committed upon the execution. To comply with this condition, so as to save the penalty of his bond, it was necessary for him, within the time named, either to deliver himself into the custody of the jailer and be received into jail, or to deliver himself to the jailer at the jail in such a manner as would make it the duty of the jailer to receive him into custody. The jailer was not obliged to receive him unless at the same time he had produced and delivered to the jailer sufficient evidence of his authority to keep and hold him until discharged by authority of law, such as an attested copy of the bond or of the execution and officer's return thereon. But a jailer may receive a debtor without such evidence; and if he did, it would be a sufficient compliance with the conditions of the bond. *Jones* v. *Emerson*, 71 Maine, 405.

The surrender and actual confinement in jail saves the penalty of the bond. *Hussey* v. *Danforth*, 77 Maine, 17; *Blanchard* v. *Blood*, 87 Maine, 255.

That it would be a sufficient compliance with the condition of the bond, if the jailer actually received the debtor, is said by the court in *Jones* v. *Emerson*, supra.

If a jailer may receive a debtor who voluntarily surrenders himself without a copy of bond or execution, so as to make the delivery a sufficient compliance with the condition of his bond, we think it follows that the acceptance by a jailer of a debtor under these circumstances can not be an actionable wrong. He need not receive a debtor without sufficient evidence, he may very properly require a certified copy of execution and return, or of the bond; but, if he sees fit, he may waive this without making himself, or the sheriff under whom he is serving, liable for any consequences that may follow. The creditor whose debtor is in jail under these circumstances should see that the jailer is supplied with proper evidence upon which to hold him.

There was certainly no liability upon the part of the sheriff because of the debtor's discharge upon Habeas Corpus by a justice of this court.

The plaintiff further claims that the jailer retained out of money sent him to pay the debtor's board more than the weekly allowance provided by statute, and in order that he may recover this claimed excess, he desires an amendment to his writ. The question whether this amendment was allowable was also reserved for the decision of this court. We do not think it was. The action was to recover for the claimed unlawful and illegal act of the jailer in receiving the debtor into his custody without evidence of authority to detain him, so that he was subsequently discharged upon Habeas Corpus. Now the plaintiff desires to so amend his writ as to recover an amount received and retained by the jailer for the debtor's board, claimed to be in excess of the amount allowed by law. We think this is a new and different cause of action.

*Judgment for defendant.*